**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JUAN ANTONIO PENA-TORRES, a.k.a. Juan Antonio Pena-Torres, a.k.a. Juan Pena Torres, a.k.a. Juan A. Pena Torres, a.k.a. Juan Pena-Torres,<br><br>Defendant-Appellant. | Nos.  18-10043<br>        18-10044<br><br>D.C. Nos. 4:17-cr-01085-DCB<br>            4:17-cr-50129-DCB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Juan Antonio Pena-Torres appeals the 15-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 6-month consecutive

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pena-Torres contends that the district court erred procedurally by failing to address and explain why it was rejecting his mitigating arguments, basing the illegal reentry sentence exclusively on the need for deterrence, and failing to explain the sentence imposed for the supervised release violation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court explicitly acknowledged Pena-Torres's mitigating arguments, but concluded that they did not warrant a downward variance from the Guideline range. Rather, the court believed that, in light of the need for deterrence and Pena-Torres's criminal history, consecutive within-Guidelines sentences were warranted. Pena-Torres has not shown a reasonable probability that he would have received a lower sentence had the district court discussed the 18 U.S.C. § 3553(a) sentencing factors or his mitigating arguments in greater detail. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Pena-Torres also contends that the sentences are substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentences are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552

U.S. at 51.

**AFFIRMED.**